Filed 8/16/24  P. v. McGruder CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081514 |
| v. | (Super.Ct.No. FSB1101788) |
| BOBBY EDMUND MCGRUDER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Reversed and remanded with directions.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

1

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**[1]

An information charged defendant Bobby Edmund McGruder in count 1 with attempted, willful deliberate and premeditated murder (Pen. Code, §§ 187, subd. (a), 664)[2] and alleged that McGruder personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (b) and (c), and committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)).  Count 2 of the information charged McGruder with street terrorism in violation of section 186.22, subdivision (a) and alleged that McGruder personally used a firearm in the commission of count 2 (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)).  Pursuant to a plea bargain, McGruder pled guilty to attempted murder (§§ 664, 187, subd. (a)) and admitted a different gang enhancement (§ 186.22, subd. (b)(1)(C)).  In accordance with the plea bargain, the court dismissed count 2 and struck the allegations to count 1 that the attempted murder was deliberate and premeditated, McGruder discharged a firearm causing great bodily injury and the firearm allegations under sections 12022.53, subdivisions (b) and (c).  The court found that a factual basis for the plea existed and sentenced McGruder to a total term of 17 years.

---

[1]     This opinion contains no statement of facts of the underlying offenses because the appellate record contains no indication what evidence was used as the factual basis at the time the guilty plea was entered.  Furthermore, the facts of the offense in the preliminary hearing transcript consisted primarily of testimony by the investigating detective Lavonne Kovensky  who recounted the victim's statements pursuant to Penal Code section 872, subdivision (b).

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

McGruder filed a petition for resentencing pursuant to section 1172.6[3] on November 18, 2022, using the Judicial Council Revised Penal Code Section 1170.95 Resentencing Petition form and checking the boxes on the form. McGruder provided no additional information. The court appointed counsel for McGruder and set a prima facie hearing. The People filed an opposition asking the court to take judicial notice of the trial court's file in this case as well as the plea bargain form signed by codefendant Loreen Scott.[4] The People argued there was no evidence in that record that they proceeded under the natural and probable consequences doctrine nor that anyone other than McGruder committed the attempted murder. At the prima facie hearing held June 9, 2023, McGruder's counsel did not present any additional evidence. The court stated it had reviewed its notes from previous hearings, as well as the People's opposition and the "preliminary hearing transcript for the factual basis of the plea."[5] Based on this review, the court denied the petition because McGruder was the actual shooter.

---

[3] The form stated it was filed under section 1170.95, which was renumbered as section 1172.6, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering.

[4] Scott's plea bargain form and sentencing minute order do not appear in the appellate record; however, the amended complaint contains a count 2 charging Scott with accessory after the fact by harboring and concealing McGruder in violation of section 32.

[5] It is not clear that the court was stating the preliminary hearing transcript was used as the factual basis at the time the plea was entered; instead, the court may have been referring to it as the factual basis for purposes of denying the petition. The judge who ruled on the petition was not the same judge who took McGruder's plea, and there is nothing in the appellate record to indicate what was used as a factual basis for the plea.

McGruder filed a timely notice of appeal from the denial. The clerk's transcript contained an affidavit of deputy clerk stating that the reporter's transcript of the plea bargain and sentencing hearing was not available because it occurred more than 10 years ago.

## DISCUSSION

McGruder asserts that the trial court erred by summarily denying his petition for resentencing based on its review of the preliminary hearing transcript. The People assert the record shows McGruder was the actual shooter; therefore, the trial court properly denied the petition at the prima facie hearing because McGruder was ineligible as a matter of law. (*People v. Patton* (2023) 89 Cal.App.5th 649, 657 (*Patton*), review granted June 28, 2023, S279670.)

We independently review a trial court's determination regarding whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal. App.5th 45, 52.) Under the circumstances of this case, we reverse the judgment.

The People assert that McGruder forfeited the court's use of the preliminary hearing transcript because he did not object to its use below. (*People v. Partida* (2005) 37 Cal.4th 428, 433-434.) At the time of the prima facie hearing on June 9, 2023, the Supreme Court had not yet granted review in *Patton, supra,* 89 Cal.App.5th 649, which held the court could rely on the preliminary hearing transcript to determine the prima facie hearing. Thus, any objection would have been futile. (*People v. Chism* (2014) 58 Cal.4th 1266, 1291.)

4

Section 1172.6, subdivision (a) provides that a person convicted of attempted murder under the natural and probable consequences doctrine may petition the court to have that conviction vacated. The petition must allege all of the following conditions:

(1) An information allowed the prosecutor to proceed with the attempted murder prosecution under the natural and probable consequences doctrine.

(2) McGruder was convicted of attempted murder.

(3) McGruder could not currently be convicted of attempted murder due to changes made in 2019 to sections 188 and 189 abolishing the natural and probable consequences doctrine.

The court then appoints counsel for McGruder and sets a hearing to determine if McGruder has made a prima facie case for relief. (§ 1172.6, subd. (c).) The court accepts the petition's allegations as true; however, if the record of conviction contains facts conclusively refuting the petition's allegations, the court may deny it. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

In the current case, the court denied the petition at the prima facie hearing after reviewing the petition, the prosecution's opposition and the preliminary hearing transcript. As noted above, the record on appeal does not establish the factual basis for McGruder's guilty plea. The record contains an affidavit of deputy clerk stating that the reporter's transcript for the plea bargain/sentencing hearing was omitted because the hearing occurred more than 10 years ago. The plea bargain agreement states a factual basis exists but does not indicate what the court relied on to establish the factual basis. The trial court erred in considering facts from the preliminary hearing transcript because

5

it is unclear from the record that it was the factual basis for his plea. (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481.) The prima facie review is limited, and the court may reject the petition's allegations only where the record *conclusively* refutes them. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) Under the circumstances of this case, the record does not conclusively refute the allegations.

The People rely on *Patton*, which is distinguishable. The testimony relied upon by the court in *Patton* was not hearsay. There police officers testified at the preliminary hearing that they watched the surveillance video of the crime and recognized Patton as the sole perpetrator. (*Patton*, *supra*, 89 Cal.App.5th at p. 657, review granted.) The evidence at the preliminary hearing in this case consisted of the officers' recitations of what the victim told them about the crime and would have been hearsay admissible under section 872, subdivision (b). The People argue that their testimony of the victim's identification of McGruder as the sole perpetrator was not hearsay pursuant to Evidence Code section 1238. That code section allows admissibility of a prior identification if it was made at the time of the crime and was fresh in the witness' memory *and* the witness testifies he made the prior identification, and it was the witness' true opinion at the time of identification. (Evid. Code, § 1238, subds. (b), (c).) In this case, the victim did not testify regarding the veracity of his prior identification of McGruder as the perpetrator.

The People also rely upon the fact that the "sole" codefendant Scott was merely charged as an accessory after the fact. First, there is nothing in the record of *McGruder's* case to indicate what crime any codefendant was convicted of. Second, there is no requirement that a prosecutor charge all defendants in the same information.

# DISPOSITION

The order denying the section 1172.6 hearing is reversed.  The matter is remanded to the superior court with directions to issue an order to show cause and conduct further proceedings in accordance with section 1172.6.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.


We concur:

McKINSTER

J.

FIELDS

J.

7